UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARY JACKSON and | § | |
| PHILLIP JACKSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-36 |
| | § | |
| CITY OF CORPUS CHRISTI, ET AL., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

There are a number of motions currently pending in this case, including Defendant (former) Mayor Samuel Lloyd Neal's ("Neal") Motion to Dismiss for Failure to State a Claim and For Insufficiency of Service of Process (Dkt. #2) and Plaintiffs' Mary and Philip Jackson's Motion to Remand (Dkt. # 8). Having considered the motions, the pleadings of *pro se* Plaintiffs Mary and Phillip Jackson, and the applicable law, the Court is of the opinion that this case should be remanded.

### Factual and Procedural Background

Plaintiffs filed suit in state court against have the several Defendants under various ambiguous theories of relief, including violation of the United States Constitution for civil forfeiture of money and for various due process violations. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331. Plaintiffs' original petition filed in state court is garbled and far from a model of clarity. The crux of Plaintiffs' claims appears to center around attacking the result of two civil forfeiture proceedings. Plaintiffs do not dispute Neal's assertion that Plaintiffs are attempting to collaterally attack two civil forfeiture proceedings and that they claim that the civil forfeitures made in Cases No. 031053-B and 03-00972-E were illegal.

### Discussion

Neal moves to dismiss Plaintiffs' claims based on the following grounds: (1) failure to state a

claim upon which relief can be granted because they are attempting to improperly challenge a state court decision by means of a collateral attack; (2) insufficiency of service of process; (3) failure to allege facts as to his involvement in the case; and (4) lack of standing.

In the prayer of his motion, Neal asks the Court to dismiss this case with prejudice against all Defendants.  There is no indication, however, that the other Defendants have joined in his motion.  Nonetheless, the Court must address its subject matter jurisdiction as a threshold matter.  *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 118 S. Ct. 1003 (1998).  The Court may address the issue of subject matter jurisdiction sua sponte.  *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (holding that "any federal court may raise subject matter jurisdiction sua sponte") (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  The Court first notes that, normally, in removed cases in which the Court lacks subject matter jurisdiction, remand rather than dismissal is the proper remedy.  Nonetheless, Neal's arguments presented in his Motion to Dismiss are still relevant with with respect to the issue of subject matter jurisdiction.  The Court may remand a case on the basis of subject matter jurisdiction at any time prior to entering a final judgment.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded.").  The district court has a duty, with or without a motion, to dismiss an original suit or to remand a removed one whenever it appears that the suit does not really and substantially involve a controversy of which the court has jurisdiction.  *Girland v. Kimbell Milling co.*, 116 F.2d 999, 1000 (5th Cir. 1941); 28 U.S.C. § 1447(c).

As stated above, though Neal has not submitted the judgments from the two civil forfeiture proceedings to the Court, Plaintiffs do not contest his assertion that when their claims are "stripped to their essentials" they are simply attempting to attack the validity of the state court judgments as to those two proceedings.  The only federal court that can entertain such an attack is the United States Supreme Court.  *See* 28 U.S.C. § 1257; *see also Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi*, 858 F.2d 973, 976; *see also Carbonell v. Louisiana Department of Health & Human Resources*, 772 F.2d

185, 188 (5th Cir. 1985).  District courts have no jurisdiction to entertain such attacks.  *Id.*  The Plaintiffs' only recourse would be to contest the forfeitures by appeal through the Texas courts and ultimately to the United States Supreme Court.  *Corpus Christi Taxpayer's Ass'n*, 858 F.2d  at 976 (citing *Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 662  (1980)).  Plaintiffs may not maintain an independent proceeding in federal district court to challenge the state court actions.  Because this case was originally removed to this Court, the Court must remand the case back to state Court for further proceedings.  28 U.S.C. § 1447(c).

## Conclusion

For the reasons explained above, the Court DENIES Neal's Motion to Dismiss for Failure to State a Claim and For Insufficiency of Service of Process (Dkt. #2) and GRANTS Plaintiffs' Motion to Remand though not for the reasons outlined therein (Dkt. # 8).  This case is REMANDED to the 24th District Court in DeWitt County, Texas.

It is so ORDERED.

Signed this 18th day of August, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE